## Commonwealth v. Iser.

*Desertion and non-support — Prosecutrix domiciled in another state — Prosecution pending in another county—Act of April 13, 1867.*

1. A deserted wife who has voluntarily removed from the Commonwealth may maintain a prosecution against her husband for desertion under the Act of April 13, 1867, P. L. 78.

2. Where the defendant has been arrested for desertion in one county and the proceeding is still pending, the prosecutrix cannot maintain a second prosecution in another county; and the latter prosecution will be dismissed.

Motion to dismiss proceeding. Q. S. Somerset Co., May Sess., 1927, No. 11.

P. G. *Cober*, for Commonwealth; R. R. *Scott*, for defendant.

BERKEY, P. J., March 2, 1927.—Bessie Iser, wife of the defendant, in an information dated Feb. 18, 1927, charged the defendant, her husband, with desertion of herself and minor child on April 18, 1925, which desertion has been persisted in to the date of the information. The case was heard by the court Feb. 21st last, and from the evidence submitted the court finds the following

### Facts.

1. That, on or about April 18, 1925, the defendant, Wilbert Iser, deserted Bessie Iser and Ivor Iser, a child about three years of age, in Fayette County, Pennsylvania, without reasonable cause, and has since said date persisted in said desertion, refusing to support either of said defendants.

2. That Bessie Iser, wife of defendant, immediately after said desertion, made an information before Justice of the Peace J. J. Michael, in Fayette County, Pennsylvania, charging said defendant with desertion and non-support; whereupon the defendant was committed to the jail of said county, and that, on Oct. 24, 1925, the defendant paid the costs accrued in said case.

3. That, for more than a year last past, the wife with her child has been residing with her parents in the City of Detroit, Michigan, and that she came into the jurisdiction of this court a few days before she made the information in this case for the purpose of testifying as a witness in the Court of Quarter

Commonwealth v. Iser.

Sessions, and that while here in such capacity she made the information in this case.

### Conclusions of law.

1. That Bessie Iser was competent to make the information in the case under consideration.

2. That there is a similar case pending against the defendant in Fayette County, consequently this court is without jurisdiction of the defendant.

3. That this case must be dismissed, at the costs of the County of Somerset.

### Discussion.

Counsel for the defendant raised two legal propositions: (1) that Bessie Iser, the wife, having voluntarily removed from this Commonwealth, has rendered herself incompetent to institute this proceeding; and (2) that there is a similar prosecution pending in Fayette County in this Commonwealth, and, therefore, this court is without jurisdiction of the defendant.

Under the Act of April 13, 1867, P. L. 78, it is provided: "That, in addition to the remedies now provided by law, if any husband or father, being within the limits of this Commonwealth, has, or hereafter shall, separate himself from his wife, or from his children, or from his wife and children, without reasonable cause, or shall neglect to maintain his wife or children, it shall be lawful for any alderman, justice of the peace or magistrate of this Commonwealth, upon information made before him under oath or affirmation by his wife or children or either of them, . . . to issue his warrant to the sheriff or any constable for the arrest of the person against whom the information shall be made."

It will be observed that the act provides the information may be made by his wife, etc. There is nothing said about her place of residence. She must establish, when the question is raised, a lawful marriage, and this is all and no more. She was entirely competent to make this information, regardless of where she had been living. It was quite apparent from the testimony in this case that the defendant did not perform the duties of husband and father as required by law; that she was unable to support herself and child, and she went to her only refuge, the home of her parents. She may not be penalized by the defendant's own wrong. The first legal contention by defendant's counsel is overruled: Com. v. Thatcher, 19 Dist. R. 985; Com. v. Smith, 6 D. & C. 378.

The second position taken by counsel must be sustained. It is a familiar principle where tribunals have concurrent jurisdiction over any subject-matter, the one in which proceedings are first commenced has exclusive jurisdiction of any special case: Com. v. Martin, 7 Pa. C. C. Reps. 153. If this were not the rule enforceable by the courts, it would lead to oppression, vexatious cases and the mulcting of persons with costs in each jurisdiction in which the action might be brought.

I regret very much the necessity I am under of dismissing this proceeding, because under the testimony on the merits of the case her grievances were legally established, but she must bring those grievances to the attention of the proper tribunal, the Court of Quarter Sessions of Fayette County, Pennsylvania.

### Decree.

Now, March 2, 1927, for the reasons set forth in the foregoing opinion, the case is dismissed at the costs of the County of Somerset and the defendant discharged from his recognizance.

From Mrs. Daryle R. Heckman, Somerset, Pa.